Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN FISHER, et al,

    Plaintiffs,

v.

MAERSK LINE U.K., LTD.,

    Defendant.

No. C07-1248RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiffs' motion for partial summary judgment regarding the authenticity of certain evidence (Dkt. # 16). Neither party requested oral argument, and the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons explained below, the court DENIES the motion.

## II. BACKGROUND

This case arises from an injury Plaintiff John Fisher suffered on January 10, 2005. On that date, Fisher was working on Defendant Maersk Line U.K., Ltd.'s ("Maersk") vessel, the P&O NEDLLOYD BARENTSZ. According to Fisher, he pulled on the

ORDER – 1

vessel's tag line, the line broke, and Fisher fell to the ground. Fisher claims to have taken the broken tag line to his home after this incident. While the tag line was in Fisher's possession, he took it with him to an appointment with his treating physician, and brought it home with him afterward. Fisher later took the tag line to the office of his workers' compensation attorney and left it there. On December 12, 2005, Fisher took the tag line from his attorney's office to Northwest Laboratory of Seattle, Inc. The tag line has been stored in an evidence locker there ever since. *See* Eckert Decl. (Dkt. # 16) ¶ 4.

### III. ANALYSIS

**A. Standard of Review on Summary Judgment.**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets that initial burden, the opposing party must then set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

**B. The Court Denies the Plaintiffs' Motion Due to Fact Disputes.**

As Maersk notes in its briefing, evidentiary rulings are not normally obtained via summary judgment motion. Authenticity, the evidentiary issue disputed here, is an issue of fact, and summary judgment motions are appropriate only in the absence of fact issues. In his reply brief, Fisher acknowledges that the evidentiary issue could have been resolved via a motion in limine, but contends that under either procedure, the court should find the tag line to be admissible because Maersk does not dispute that the tag line now stored at Northwest Laboratory is the tag line that caused his fall.

ORDER – 2

But Maersk does dispute that the tag line at issue is the same tag line that caused Fisher's fall. *See*, *e.g.*, Def.'s Opp'n at 8:6-9.[1] Maersk also notes that its expert witness has not yet had the opportunity to inspect the tag line. Because there remain factual disputes related to the tag line's authenticity, and discovery related to the tag line is ongoing, summary judgment is therefore improper at this time.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Plaintiffs' motion (Dkt. # 16).

DATED this 8TH day of January, 2009.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

---

[1] Maersk filed a supplemental response regarding a factual issue related to the authenticity of the tag line based on deposition testimony provided after the first response brief was filed. *See* Def.'s Supp. Resp. (Dkt. # 26). Fisher moved to strike this supplemental response because it was filed after the response deadline and included hearsay statements. *See* Pltfs.' Reply (Dkt. # 28) at 3-4. The court has not relied on any of statements made in Maersk's supplemental response in ruling on Fisher's motion for summary judgment, so Fisher's motion to strike is DENIED as moot.

ORDER – 3