Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN FISHER, et al., <br>     Plaintiffs, <br> v. <br> MAERSK LINE U.K., LTD., <br>     Defendant. | No. C07-1248RAJ <br><br> ORDER |

## I. INTRODUCTION

This matter comes before the court on Plaintiffs' motion to depose Defendant's expert witness after the discovery cutoff (Dkt. # 34). On January 15, 2009, the court held a hearing via telephone to discuss the motion. As the court indicated at the conclusion of the hearing, Plaintiffs' motion is GRANTED.

## II. BACKGROUND & ANALYSIS

The discovery cutoff in this case was January 9, 2009. At 4:56 p.m. on that day, Plaintiffs filed a motion to allow a late deposition of Defendant's expert, Dr. Walter Paul. Plaintiffs contend that because Dr. Paul's expert report will not be disclosed to the

ORDER – 1

Plaintiffs until January 23, 2009, and Plaintiffs cannot determine whether a deposition is necessary until after receiving the report, the court should grant Plaintiffs the opportunity to depose Dr. Paul after the close of discovery.

In an informal opposition furnished to the court for purposes of the telephone hearing, the Defendant argued that the Plaintiffs should not have the opportunity to depose Dr. Paul because they were not diligent in bringing this issue to the court's attention. The court's scheduling order (Dkt. # 9) required that discovery motions be noted no later than January 2, 2009. According to the Defendant, allowing a late deposition would directly contradict the court's previous ruling that the discovery deadline would not be extended for any purpose other than Dr. Paul's examination of the tag line evidence. Furthermore, the Defendant contends that Plaintiffs would not be prejudiced by the inability to depose Dr. Paul because the Defendant has elected not to depose any of Plaintiffs' experts.

In an informal reply furnished to the court for purposes of the telephone hearing, the Plaintiffs argue that they could not have raised this issue until after the court ruled that Dr. Paul would examine the tag line evidence. Because that issue was raised toward the end of the discovery period, and Dr. Paul's report has still not been provided to Plaintiffs, the Plaintiffs contend that their delay in raising this issue is excusable. They also point to Fed. R. Civ. P. 26(b)(4)(A), which provides that "A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided." Thus, in accordance with that rule, Plaintiffs contend that their request for a deposition after receipt of the report (due after the discovery cutoff) is reasonable.

Though Plaintiffs' request is untimely and undoubtedly could have been raised earlier, the court nonetheless grants the motion due to the prejudice that would result if

ORDER – 2

Plaintiffs were not given the opportunity to depose Dr. Paul. Though the Defendant has decided not to depose Plaintiffs' experts, that tactical decision does not have any bearing on the value to the Plaintiffs of deposing Dr. Paul. As the court discussed with the parties at the hearing, Dr. Paul's deposition may be conducted via telephone. Due to the fast-approaching trial date, the parties are encouraged to schedule this deposition as quickly as possible. No further extensions or continuances of any deadlines should be expected.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' motion (Dkt. # 34).

DATED this 15th day of January, 2009.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 3